ROBERTSON, Justice.
Appellant, Annie B. Harper, was convicted in the Circuit Court of Scott County of the crime of manslaughter and was sentenced to serve a term of 20 years in the Mississippi State Penitentiary. She appeals from the conviction and sentence, and assigns five errors which she contends were committed on the trial, the principal error assigned being that the court committed error in granting an instruction to the State on what must be proved to establish a plea of self-defense.
On the morning of April 3, 1971, in Moore’s Cafe, Forest, Mississippi, Annie B. Harper and Floyd Robinson, who had been living with her for about 3% years without benefit of clergy, argued over a bill that appellant thought Robinson should have paid. They left the Cafe together but a short time later Robinson returned alone.
About 10 minutes later, Appellant Harper returned to the Cafe, and, according to eyewitnesses, without saying a word walked up to Floyd Robinson and stabbed him one time in the left chest with a knife.
Appellant contended at the trial that Robinson arose upon her entrance and picked up a Country Club beer bottle, and that she feared that he would use the beer bottle on her or her young daughter, who accompanied her. Appellant was the only one who testified that Robinson had a bottle in his hand at the time she stabbed him, and appellant was also the only one who testified that her young daughter was with her.
Eyewitnesses testified that the deceased, Floyd Robinson, after he was stabbed “caught himself”, went around a table and caused a Coca-Cola bottle to fall off the table and break on the floor. Robinson stumbled out of the Cafe, called for someone to take him to the hospital, and fell on his face. A short time later he was taken to the hospital but was dead when Doctor Austin examined him.
Dr. Austin testified that there was only one stab wound, but the aorta had been cut and that Robinson would have quickly bled to death.
We have carefully read and studied the briefs and the record in this case. There is no merit in any of the five assignments of error.
Instruction Number 3 for the State, which was questioned by Defendant, clearly stated the necessary elements of the plea of self-defense. Such an instruction has been approved in a long line of Mississippi cases, the last being Stennis v. State, 234 So.2d 611 (Miss.1970).
The defendant was granted four instructions on self-defense. None of them mentioned that defendant would have been justified in her actions if she were acting on the basis of apprehended danger to her child.
Considering Instruction Number 3 for the State, along with the four instructions for the defendant on self-defense, we feel that the jury was properly instructed on the elements that must be proved in order to successfully assert a plea of self-defense.
The judgment of the trial court is affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER and SMITH, JJ., concur.